## SAMPLE *et al. v.* DAVIS.

Under the statute of 1846, the clerk, and not the sheriff, was authorized to receive the money paid to redeem land sold on execution.

Where money was entrusted to the sheriff, which should have been by law paid to the clerk, the sureties in the sheriff's bonds should not be held responsible for his default, in relation to that money. They are only responsible for such money as he was officially authorized to receive.

*Appeal from Jefferson District Court.*

*Opinion by* GREENE, J. This suit was commenced by A. J. Davis, on a sheriff's bond, executed August 12, 1846.

It appears that one Cunningham, purchased at sheriff's sale, for about six hundred dollars, half a section of land, in satisfaction of a judgment which he had obtained against one Depew. Cunningham subsequently sold the land to Manning and Sample; but before the term had

expired for judgment creditors to redeem, the defendant had obtained a judgment against Depew, and December 13, 1846, paid the money in controversy to James T. Hardin, as sheriff, for the purpose of redeeming the land. But as the money was not paid over to Manning and Sample, they retained the land, and released to Davis their claim to the money in the sheriff's hands. To recover this money, Davis instituted the present suit against Hardin and his securities on his official bond, and judgment was rendered in the court below against a portion of the securities.

In deciding this case, we deem it necessary to consider only one point. It is urged that the court erred in overruling defendant's demurrer to plaintiffs' petition, and in sustaining plaintiffs' demurrer to defendant's answer. This ruling of the court involved the question, " was the sheriff authorized under the statute to receive the money of Davis, for the redemption of the land?" If not the officer authorized by law to receive the money, are the surities in his official bond liable for his misapplication of it?

At the time the sheriff's bond was executed, the statute of 1846, p, 32, § 4, was in force. By this act, judgment creditors may within fifteen months after an execution sale redeem the property, "by paying to the clerk of the court from which the execution issued, for the use of the purchaser, the amount of the purchase money with ten per cent. per annum added thereto."

Instead of paying the money to the sheriff, Davis should have paid it to the clerk. The sheriff was not authorized to receive it by virtue of his office, and as Davis paid him the money without authority of law, it can only be regarded as a private transaction between the parties, Hardin became individually liable to Davis for the amount deposited with him. The fact that Hardin receipted for the money as sheriff, could not extend the liability to his securities. Those securities were only obligated to see that Hardin "diligently and faithfully discharged the

duties of the office of sheriff of Jefferson county, and safely keep and deliver over according to law to the proper person, all monies which may come into his hands by virtue of his office." These are the conditions of the bond. The duties of sheriff were such as the law defined, and the securities in the bond were obligated only for the faithful discharge of those duties. They clearly did not become responsible for the conduct of Hardin, in cases where he assumed the duties of a clerk or any other functionary. They were only accountable for his acts as sheriff under the law, and therefore the present proceeding could not be maintained against them.

Judgment reversed.

*George G. Wright*, for appellants,

*Charles Negus*, for appellee.